Argued and submitted October 6, 1986, reversed and remanded with instructions
March 25, 1987

## SALEM SCHOOL DISTRICT 24J,
*Appellant,*

*v.*

## FIRST STATE INSURANCE COMPANY,
*Respondent.*

(151,390; CA A37538)

734 P2d 369

William G. Paulus, Salem, argued the cause for appellant. With him on the briefs were Paulus, Rhoten & Lien, Salem.

Ben Fetherston, Jr., Salem, argued the cause for respondent. On the brief were Michael C. McClinton, and Clark, Marsh, Lindauer & McClinton, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff School District (District) brought this declaratory judgment action to determine whether a liability of District is covered under an errors and omissions liability policy issued by defendant. Both parties moved for summary judgment. The trial court entered a summary judgment for defendant, and District appeals.

Under the Public Contract Law, ORS 279.011—ORS 279.067, District advertised for bids for reroofing a building. Mid-Valley Roofing Company made the lowest bid and was awarded the contract. ORS 279.029(2) required Mid-Valley to furnish a bond to District for the faithful performance of the work. ORS 279.542 provides that, if a public body letting a contract should "fail or neglect to require the person entering into the contract to execute the bond," the public body and the officers authorizing the contract are jointly liable for labor and materials used in performing the contract work.

District failed to require Mid-Valley to post a bond. Mid-Valley did not pay for roofing materials furnished by a supplier, and the supplier sued District under ORS 279.542(2). District tendered defense of the action to defendant, which denied coverage under its policy in reliance on this exclusion:

"This insurance does not apply to liability arising out of or upon or attributable to any negligent act, any error, any omission or any breach of duty in exercising judgment or discretion in procuring and maintaining insurance."

The trial court interpreted the exclusion to mean that defendant did not intend to insure District's negligent failure to perform any act required or mandated by law nor to insure any breach of duty in procuring and maintaining insurance.

The parties seem to agree that, if the case were one involving District's negligent failure properly to exercise discretion in acquiring insurance for its own protection, the quoted exclusion would apply. However, the performance bond required of Mid-Valley was mandatory on the part of both Mid-Valley and District. Mid-Valley had the duty to supply a bond; District had the duty to see that it did so. The liability incurred by District is the direct consequence of its failure to perform its statutory duty; the liability does not arise as an indirect consequence of the loss of property for

which District negligently failed to procure insurance. The insuring clause of defendant's policy reads:

> "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay * * * on account of any claim for breach of duty made against the insured by reason of any act or omission of the insured * * *."

That language precisely identifies District's liability to the supplier, and that liability is squarely within the policy. *See Sch. Dist. No. 1 v. Mission Ins. Co.*, 58 Or App 692, 650 P2d 929 (1982), *rev den* 294 Or 682 (1983).

Reversed and remanded with instructions to grant District's motion for summary judgment.